IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMIRIAH PONDER, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HOME DEPOT U.S.A., INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Amiriah Ponder ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendant Home Depot U.S.A., Inc. ("Defendant") and for her Complaint shows the following:

### I.   NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII").

## II.　JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

## III.　PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.  Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, Georgia 30060.

## IV.　FACTUAL ALLEGATIONS

6.

Plaintiff began her employment with Defendant in or around June 2020 as a scanner.

7.

Within a few weeks of the start of her employment, Plaintiff's Supervisor, Angel Gomez, began making sexual and romantic advances toward her.

8.

In or around June 2021, Mr. Gomez continued to make sexual advances toward Plaintiff. For example, he told Plaintiff that he needed sex and that she needed to give him "release."

9.

On or around June 4, 2021, Plaintiff advised Ms. Henry, one of her supervisors, that Mr. Gomez was making frequent sexual advances toward her and that she felt like she was being pressured to engage in sexual relations with Mr. Gomez in order to keep her job.

10.

Plaintiff made the same complaints later that same day to the Operations Manager, Angelina Cook, and the Human Resources Manager, Linda Matere.

11.

Later that week, on or around June 7, 2021, Plaintiff was exposed to COVID-19 and took time off work.

12.

When Plaintiff returned to work, on or around July 5, 2021, Ms. Cook terminated Plaintiff's employment.

13.

Any reason provided for terminating Plaintiff's employment is pretext for unlawful retaliation against Plaintiff because of her protected activity.

14.

Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

15.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## V.     CLAIMS FOR RELIEF

### COUNT I: RETALIATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16.

Plaintiff re-alleges paragraphs 6-15 as if set forth fully herein.

17.

Plaintiff's complaints and opposition to gender discrimination constitute protected activity under Title VII.

18.

Defendant subjected Plaintiff to adverse action by terminating Plaintiff because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

19.

There was a causal connection between the protected conduct and the adverse actions against Plaintiff.

20.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

22.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) That judgment be entered against Defendant on all claims;

(b) That general damages be awarded for mental and emotional suffering;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

Respectfully submitted the 3rd day of December, 2021.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts

6

              Georgia Bar No. 940504

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com